FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2026 SEP -4 AM 11: 08
JEFFREY P. COLWELL
CLERK
BY DEP. CLK

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Michael S. Lowery respectfully moves this Court for a preliminary injunction under Fed. R. Civ. P. 65 to restrain the City of Colorado Springs from continuing to impose and collect mandatory "development fees" and "water resource fees" as a condition of issuing building permits. As demonstrated below, these fees constitute unconstitutional exactions under the Fifth and Fourteenth Amendments, illegal taxes under TABOR, and unfair practices under the Colorado Consumer Protection Act. Immediate injunctive relief is necessary to prevent ongoing constitutional injury and irreparable financial harm.

## I. INTRODUCTION

Colorado Springs requires payment of development fees as a mandatory condition of obtaining a building permit. These fees are:

- untethered to the cost of connecting utilities,
- calculated using generalized formulas,
- used for system-wide capital expansion, and
- imposed legislatively and administratively.

Under *Sheetz v. County of El Dorado*, 601 U.S. 267 (2024), such fees must satisfy **essential nexus** and **rough proportionality**, even when imposed by legislation. CSU's fees satisfy neither.

The City's fee structure also violates TABOR because the fees are mandatory, revenue-raising, used for general system expansion, and never approved by voters.

Plaintiff seeks a preliminary injunction to halt continued enforcement of these unconstitutional fees while this case proceeds.

## II. LEGAL STANDARD

A preliminary injunction is warranted when the movant shows:

1. **Likelihood of success on the merits**,
2. **Irreparable harm**,
3. **Balance of equities favors the movant**, and
4. **An injunction is in the public interest**. *Winter v. NRDC*, 555 U.S. 7 (2008).

Each factor strongly favors Plaintiff.

## III. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

#### 1. The development fees violate the Fifth Amendment under Sheetz

In *Sheetz*, the Supreme Court held that legislatively imposed monetary exactions must satisfy **Nollan/Dolan** scrutiny. The City's fees fail both prongs:

- **No essential nexus:** Plaintiff's infill home required no system expansion. The fees do not relate to any impact caused by Plaintiff's project.
- **No rough proportionality:** Fees are calculated using generalized square-footage formulas and fund system-wide improvements unrelated to Plaintiff's property.

This is precisely the type of unconstitutional exaction *Sheetz* prohibits.

#### 2. The fees constitute an illegal tax under TABOR

TABOR requires voter approval for any new tax. The City's development fees are:

- mandatory,
- revenue-raising,
- used for general system expansion,
- not tied to any individualized service, and
- never approved by voters.

Under Colorado law, this is an illegal tax.

**3. The fee structure violates the Colorado Consumer Protection Act**

The City fails to disclose the long-term financial impact of development fees, which increase mortgage costs by tens of thousands of dollars over 30 years. This constitutes a deceptive and unfair practice under C.R.S. § 6-1-105.

**B. Plaintiff Will Suffer Irreparable Harm Without Injunction**

Constitutional injuries — including takings violations — constitute **irreparable harm** as a matter of law. See *Free the Nipple v. City of Fort Collins*, 916 F.3d 792 (10th Cir. 2019).

Additionally:

- Plaintiff cannot obtain a building permit without paying the fees.
- The fees permanently increase mortgage obligations.
- TABOR violations create ongoing unlawful taxation.

These harms cannot be remedied by money damages alone.

**C. The Balance of Equities Favors Plaintiff**

The City suffers no harm from being required to comply with constitutional and statutory limits.

Plaintiff, by contrast, faces ongoing constitutional injury and substantial financial harm.

**D. The Public Interest Supports Injunctive Relief**

The public has a strong interest in:

- preventing unconstitutional exactions,
- enforcing TABOR's voter-approval requirements,
- ensuring transparency in consumer-impacting fees, and
- protecting homeowners and builders from unlawful financial burdens.

An injunction serves these interests.

## IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. **Enjoin the City of Colorado Springs** from imposing or collecting development fees or water resource fees as a condition of issuing building permits during the pendency of this action;
2. Order the City to cease enforcement of any ordinance or policy requiring such fees;
3. Grant any further relief the Court deems just and proper.

## V. CERTIFICATE OF CONFERRAL

Plaintiff is proceeding pro se. Conferral under D.C.COLO.LCivR 7.1(b) is not required for motions filed by unrepresented parties.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Preliminary Injunction.

---

**Respectfully submitted,**

Michael S. Lowery

Michael S. Lowery

121 Alsace Way

Colorado Springs, CO 80906

Pro Se Litigant Date: 9/4/2026